Richard G. Heston (SBN 90738)
rheston@hestonlaw.com
Halli B. Heston (SBN 90737)
hheston@hestonlaw.com
Heston & Heston, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Tel: (949) 222-1041
Fax: (949) 222-1043 fax

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**MARIA MALDONADO BASHAW**<br><br>Debtor.<br><br>**ROBERT DAVID BASHAW, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**MARIA MALDONADO BASHAW,**<br><br>Defendant. | Case No.: 8:25-bk-10465-SC<br><br>Chapter 7<br><br>Adv No.:<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(a)(4) AND §523(a)(15)**<br><br>(Status Conference to Be Set by Summons) |

Plaintiff, Robert David Bashaw, Jr., hereby brings this Complaint for a determination that a debt arising from a state court judgment owed by Debtor/Defendant, Maria Maldonado Bashaw is non-dischargeable pursuant to 11 U.S.C. §523(a)(4) and §523(a)(15).

## I.

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(15), and Federal Rules of Bankruptcy Procedure 4007 and 7001(6), to determine the

dischargeability of certain debts.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

### PARTIES

4. Plaintiff, Robert David Bashaw, Jr., ("Plaintiff"), is an individual and a creditor of the Defendant in the above-captioned Chapter 7 case.

5. Defendant, Maria Maldonado Bashaw ("Defendant" or "Debtor"), is the debtor in this Chapter 7 case, having filed a petition for relief on February 25, 2025.

### GENERAL ALLEGATIONS

6. Plaintiff and Defendant were married in 2004.

7. On September 19, 2013, a judgment of dissolution of marriage ("the Divorce Judgment") was entered in the Superior Court of California, County of Orange, in Case No. 12D001063.

8. Pursuant to a stipulated marital settlement agreement incorporated into the Divorce Judgment, the parties agreed that their community property residence located at 2842 Velasco Lane, Costa Mesa, CA 92626 ("the Property") would be sold and the proceeds divided.

9. Due to then-prevailing market conditions, the parties agreed to delay the sale and allowed Defendant to reside in the Property with the parties' then-minor children.

10. It was further agreed that upon both children reaching the age of majority on December 23, 2021, the Property would be sold.

11. Title to the Property remained in the names of both parties, as it was acquired during the marriage as community property.

12. On November 2, 2022, Plaintiff filed a motion in the Superior Court to compel the sale of the Property, which Defendant opposed.

13. The matter was set for a contested hearing on April 24, 2024. During the hearing,

the parties entered into a global settlement of all issues, which was placed on the record as an oral stipulation.

14. Pursuant to the stipulation, Defendant was granted the option to buy out Plaintiff's interest in the Property by paying him $510,000 no later than June 24, 2024. Upon payment, all remaining claims between the parties relating to the Property would be resolved.

15. Plaintiff prepared a written order pursuant to the oral stipulation. When Defendant refused to approve the order, Plaintiff filed a motion to enforce the stipulation, which was granted by the Superior Court on June 18, 2024.

16. Defendant failed to pay the agreed-upon sum of $510,000 by June 24, 2024.

17. On July 5, 2024, Defendant filed a motion to vacate the stipulation, claiming she had agreed to its terms under duress and coercion.

18. That motion was contested and heard on November 13, 2024. On December 4, 2024, the Superior Court issued its ruling denying the motion to vacate, and on January 29, 2025, entered its formal order denying the motion and ordering the parties to comply with the terms of the stipulation. That order has now become final.

19. Despite these rulings, Defendant has never paid Plaintiff the $510,000 agreed upon in the settlement.

20. On February 25, 2025, Defendant commenced the instant Chapter 7 bankruptcy proceeding.

21. Defendant's schedules disclose that at some time after entry of the 2013 Divorce Judgment, Defendant unilaterally executed a deed transferring her interest in the Property to herself as trustee of a revocable trust, without Plaintiff's knowledge or consent.

22. Defendant later refinanced the Property with Schools First Federal Credit Union, without Plaintiff's knowledge or joinder, thereby extinguishing the previous mortgage and obtaining cash-out proceeds of at least $52,000.

23. Defendant retained the entirety of the cash-out refinance proceeds and has never provided Plaintiff with an accounting or his share of the funds.

## FIRST CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(4)

### (Fraud or Defalcation in a Fiduciary Capacity)

24. Plaintiff incorporates by reference Paragraphs 1 through 23 above.

25. Defendant's refinancing of the Property without Plaintiff's consent or joinder, in violation of California Family Code § 1102, constituted a breach of fiduciary duty.

26. As a result of this breach, Defendant diverted community property funds solely for her benefit and to the exclusion of Plaintiff.

27. Defendant's conduct constitutes fraud or defalcation while acting in a fiduciary capacity, and the resulting damages are therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## SECOND CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(15)

### (Marital Debt)

28. Plaintiff incorporates by reference Paragraphs 1 through 23 above.

29. Defendant's obligation to pay Plaintiff $510,000 pursuant to the parties' April 24, 2024, oral stipulation, confirmed by court order, constitutes a marital debt not in the nature of domestic support.

30. The obligation arose in the context of a dissolution proceeding and was intended to equitably divide community property.

31. The obligation is nondischargeable under 11 U.S.C. § 523(a)(15).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

32. For a determination that Defendant's debt arising from the unauthorized refinance and encumbrance of the Property, and diversion of refinance proceeds, is nondischargeable under 11 U.S.C. § 523(a)(4), in an amount according to proof;

33. For a determination that Defendant's obligation to pay Plaintiff $510,000

pursuant to the April 24, 2024 oral stipulation is nondischargeable under 11 U.S.C. § 523(a)(15), together with interest thereon from June 24, 2024, in an amount according to proof;

34. For an award of attorneys' fees and costs incurred herein according to proof;

35. For such other and further relief as the Court deems just and proper.

Date: 5/16/25

HESTON & HESTON
Attorneys at Law

RICHARD G. HESTON
Attorney for Plaintiff