RICHARD G. HESTON (SBN 90738)
rheston@hestonlaw.com
HALLI B. HESTON (SBN 90737)
hheston@hestonlaw.com
HESTON & HESTON, ATTORNEYS AT LAW
19700 Fairchild Road, Suite 280
Irvine, California 92612
Tel: (949) 222-1041
Fax: (949) 222-1043 fax

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**MARIA MALDONADO BASHAW**<br><br>Debtor. | Case No.: 8:25-bk-10465-SC<br><br>Chapter 7<br><br>**MOTION TO COMPEL ABANDONMENT OF PROPERTY OF THE BANKRUPTCY ESTATE**<br><br>Date:  8/5/25<br>Time:  11:00 a.m.<br>Ctrm:  5C |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 7 TRUSTEE, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

 PLEASE TAKE NOTICE that on August 5, 2025, at 11:00 a.m., in Courtroom 5C of the United States Bankruptcy Court located at 411 W. 4th St., Santa Ana, CA 92701, creditor and interested party Robert David Bashaw, Jr., will and hereby does move the Court for entry of an order compelling the Chapter 7 Trustee to abandon the real property located at 2842 Velasco Lane, Costa Mesa, California 92626 (the "Property") pursuant to 11 U.S.C. § 554(b).

## I. INTRODUCTION AND RELIEF REQUESTED

Creditor and interested party Robert David Beshaw, Jr., the former spouse of the Debtor, Maria Maldonado Bashaw, seeks entry of an order compelling abandonment of the Property by the Chapter 7 Trustee on the grounds that:

　　a. The Property is of inconsequential value or benefit to the estate;

　　b. The Trustee has declined to administer it due to sale costs, tax consequences, and disputed ownership interests; and

　　c. Abandonment is necessary to permit the family court to enforce final orders in the parties' dissolution case, including division of the Property as previously ordered by judgment and stipulation.

## II. BACKGROUND FACTS

The Debtor filed this Chapter 7 petition on February 25, 2025. The duly appointed and permanently serving Chapter 7 Trustee is Karen Sue Naylor, who has reviewed the Property and determined that administration is not feasible.

The Property is a single-family residence located at 2842 Velasco Lane, Costa Mesa, California 92626. In her bankruptcy schedules, the Debtor valued the Property at $1,296,419, and disclosed it as subject to:

　　a. A first deed of trust in the amount of $615,497, and

　　b. A homestead exemption claim of $680,922 under applicable California law.

The Property is currently shown on Zillow.com as having an estimated value of $1,511,400 as of May 28, 2025. However, after accounting for sale costs, tax consequences, and the disputed interests of the Debtor and Movant, there remains no material benefit to the estate.

The parties' marital dissolution proceeding, Case No. 12D001063 in Orange County Superior Court, resulted in a September 19, 2013 judgment of dissolution of marriage ordering the sale of the Property. By the subsequent mutual oral agreement, sale of the Property was deferred until the parties' youngest child reached the age of majority.

When the Debtor later refused to sell when the youngest child had reached the age of majority and Movant filed a request for order in the family law proceeding to compel such a sale, she stipulated on the record, and such a stipulation was subsequently reduced to writing, to buy out Movant's interest in the Property for $510,000 by June 26, 2024. The Debtor failed to perform. Debtor then filed a motion to vacate the stipulation based on alleged coercion. That motion was denied on January 29, 2025. Debtor filed this bankruptcy case less than a month later on February 25, 2025.

After investigation and obtaining the Brokers Price Opinion (BPO) of Clarence Yoshikane, a well-known real estate broker focusing on the sale of real property in bankruptcy and probate estates, Trustee Naylor has determined that liquidation of the Property and administration of the resulting sale proceeds is not viable due to:

    a. Significant sale costs;

    b. Capital gains tax exposure;

    c. Competing homestead rights;

    d. Ongoing family court litigation regarding ownership;

    e. Absence of equity after payment of secured debt and exemptions.

Because the bankruptcy estate remains open for other asset administration, technical abandonment under § 554(c) has not occurred and that the Property remains property of the bankruptcy estate, which the Trustee estimates will require anywhere from six months to one year before a first and final report and accounting can be filed hearing for approval by the Court.

Movant brings this motion to permit the family court to resume jurisdiction over the disposition of the Property and enforce its prior orders, including division of the community interest in the Property, which cannot proceed while it remains property of the estate.

### III. LEGAL BASIS

Pursuant to 11 U.S.C. § 554(b), the Court may order the Trustee to abandon property that is burdensome or of inconsequential value and benefit to the estate, upon request of a party in interest and after notice and hearing. A creditor such as Mr. Bashaw, who has a legal and

financial stake in the Property, qualifies as such a party. See *In re Baroni* (Bankr. C.D. Cal. 2023) 654 B.R. 334, 358, aff'd (C.D. Cal. 2024) 658 B.R. 551, appeal dismissed sub nom. *Baroni v. Seror* (9th Cir., Dec. 20, 2024, No. 24-2713) 2024 WL 5672837:

> "In order to approve a motion to abandon property, the bankruptcy court must find either that (1) the property is burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate." In re Viet Vu, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000) (citing 11 U.S.C. § 554(b) and Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.), 816 F.2d 238, 245 (6th Cir.1987)). Further, inconsequential value and inconsequential benefit are two separate elements that must both be satisfied."

Based on the foregoing, Movant maintains that in light of the Trustee's determination that administration of the Property would be both burdensome to the estate, and result in proceeds of inconsequential value and inconsequential benefit to the estate, abandonment of the Property is appropriate at this time in order to permit the Family Court to complete the proceedings to enforce the judgment rendered almost 12 years ago requiring its sale and division of the proceeds.

## IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court enter an order:

1. Compelling abandonment of the Property at 2842 Velasco Lane, Costa Mesa, California 92626 under 11 U.S.C. § 554(b);

2. Restoring jurisdiction to the family court to enter final orders regarding the division of the community interest; and

3. Granting such further relief as the Court deems appropriate.

Date: 7/2/25

HESTON & HESTON
Attorneys at Law

RICHARD G. HESTON
Attorney for Plaintiff

4

## DECLARATION OF ROBERT DAVID BESHAW, JR.

1. I, Robert David Beshaw, jr., declare as follows:

2. I am the former spouse of the Debtor and a creditor in the above-captioned bankruptcy case. I have personal knowledge of the facts herein and would testify competently if called.

3. I hold a community property interest in the real property located at 2842 Velasco Lane, Costa Mesa, California 92626 (the "Property").

4. In our marital dissolution case, Orange County Superior Court Case No. 12D001063, a Judgment was entered on September 19, 2013 ordering the sale of the Property.

5. Pursuant to our oral agreement, the sale was deferred until our youngest child reached the age of majority.

6. When our youngest child reached the age of majority and the Debtor later refused to sell the Property, I filed a request for order (RFO) in the Family Court seeking orders for the sale of the property.

7. At the hearing on the RFO, Debtor orally stipulated on the record, and my counsel drafted a written agreement, to buy out my interest for $510,000, with a deadline of June 26, 2024.

8. Debtor failed to complete the buyout. She instead filed a motion to vacate the stipulation on the basis that she was coerced into the oral stipulation on the record, notwithstanding the fact she is an attorney licensed to practice law in California and the Family Court required that both parties be voir dire on the record. Debtor's motion to vacate was denied on January 29, 2025.

9. Rather than take an appeal from the denial of her motion to vacate, the Debtor filed the current Chapter 7 petition on February 25, 2025.

10. In her bankruptcy schedules, the Debtor valued the Property at $1,296,419, listing a first trust deed in the amount of $615,497, and claimed a homestead exemption of $680,922. The current estimated value of the Property, according to Zillow.com as of May 28, 2025, is $1,511,400.

11. I am informed and believe that the Chapter 7 Trustee, Karen Sue Naylor, has thoroughly reviewed the Property and determined that administration would yield no benefit to the estate.

12. The Trustee's decision is based on the sale costs, tax liabilities, exemptions, and unresolved disputes between the Debtor and me concerning title and equitable interest, which are pending in family court.

13. I file this motion in good faith to enable the family court to proceed with enforcement of its prior judgment and stipulated orders. The court cannot enter final rulings or enforce division of the community property so long as the Property remains in the bankruptcy estate.

14. I respectfully request the Court to compel abandonment under 11 U.S.C. § 554(b).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2nd day of July, 2025, at Hickory, NC.

Date: 7/2/2025

*Robert D. Bashaw, Jr*
ROBERT DAVID BASHAW, JR.

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Motion to Compel Abandonment of Property of the Bankruptcy Estate** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/2/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shannon A Doyle**  sdoyle@ghidottiberger.com, bknotifications@ghidottiberger.com
- **Lawrence R Fieselman**  Larry@oaktreelaw.com
- **Karen S Naylor (TR)**  alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**  julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____ served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/2/2025 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**